IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
04/14/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

| | |
|---|---|
| VIKRANT SINGH SIDDHU, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 26-3075-JWL |
| | ) |
| MISTY MACKEY, Warden, | ) |
| Midwest Regional Reception Center; | ) |
| TODD M. LYONS, ICE Acting Director; | ) |
| MARKWAYNE MULLIN, DHS Secretary; and | ) |
| PAMELA BONDI, Attorney General, | ) |
| | ) |
| Respondents. | ) |
| | ) |
| | ) |

## MEMORANDUM AND ORDER

Petitioner, through counsel, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials without a bond hearing. For the reasons set forth below, the Court **grants the petition in part**. Respondents are ordered to release petitioner on bond, subject to the same terms previously set by an immigration judge, on or before **April 21, 2026**, and they are further ordered to provide notice to this Court when such relief has been given. The Court denies any request by petitioner for other relief.

The petition alleges the following facts, which have not been disputed by respondents. Petitioner, a citizen of India, entered the United States in February 2023, and he was detained at that time by immigration officials; but he was released on his own recognizance, and he has resided in the United States since then. In December 2025,

petitioner was again detained by immigration officials, and removal proceedings were subsequently initiated.  Petitioner requested release on bond, and on February 23, 2026, an immigration judge granted the request; but on March 6, 2026, the immigration judge reconsidered and denied bond, on the ground that the immigration court lacked jurisdiction to consider release on bond because petitioner was being detained pursuant 8 U.S.C. § 1225(b)(2)(A), which mandates detention.

Petitioner, who remains in custody in this judicial district, filed the instant habeas action on March 30, 2026.  The Court ordered an expedited response to the petition, and respondents have now filed an answer, and the matter is therefore ripe for ruling.

To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States."  *See* 28 U.S.C. § 2241(c)(3).  This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).  Respondents have not argued that this Court lacks jurisdiction to consider petitioner's claim.

Petitioner was not recently detained as an alien newly arriving in the United States; rather he had been present in the United States for a period of years when he was detained. Petitioner argues that, for that reason, his detention does not fall within the scope of 8 U.S.C. § 1225(b)(2)(A), which mandates detention pending removal proceedings, and under which the Government purports to detain petitioner; but instead is governed by 8

2

U.S.C. § 1226(a), which provides for discretionary release on bond.  Petitioner thus claims that his detention without any consideration of her release on bond violates these statutes.[1]

In a recent case involving the same issue, this Court rejected the Government's interpretation of these statutes in favor of the interpretation adopted by the overwhelming majority of courts that have addressed the issue, and the Court ordered relief in the form of a bond hearing under Section 1226(a).  *See Galdamez Orellana v. Welsh*, 2026 WL 710121 (D. Kan. Mar. 13, 2026) (Lungstrum, J.).  Respondents concede that the relevant facts of the present case are not materially distinguishable from those in *Galdamez Orellana*, and they therefore acknowledge that the Court's prior reasoning would also apply here.  Thus, for the same reasons set forth in the Court's opinion in *Galdamez Orellana*, *see id.* at *1-3, the Court concludes in this case that the Government may not detain petitioner under Section 1225(b)(2)(A), and that it may therefore detain petitioner pending a final removal decision only under Section 1226(a), which allows for release on bond; and that the Government has therefore violated these statutes by refusing to allow for consideration of petitioner's release on bond under Section 1226(a).

The Court then turns to the issue of the appropriate relief to be accorded petitioner for this violation.  Respondents have not addressed this issue in their answer.  In its previous similar cases, the Court has ordered the Government to provide a bond hearing on the merits, while denying the petitioner's requests for release, for a bond hearing conducted by

---

[1] Petitioner also claims that his detention without consideration of release on bond violates due process.  In light of the Court's conclusion that petitioner is entitled to bond consideration under the statues, it need not reach that issue.

the Court itself, for an order imposing a particular burden of proof in the bond hearing, or for an order prohibiting invocation by the Government of the automatic stay provision in an appeal from the bond determination. *See, e.g.*, *id.* at \*3. The Court concludes in its discretion, however, that in this case such relief would not be appropriate in light of the February 23 order by which the immigration judge determined that petitioner should be released on bond based on the merits of the issue. Requiring the same outcome – petitioner's release on the terms previously set by the immigration judge – provides petitioner the most efficient relief. In light of the recency of that decision and the absence of changed circumstances relevant to that decision, it would be superfluous to order another bond hearing. *See Castro v. Bondi*, 2026 WL 890245, at \*2-3 (D. Kan. Apr. 1, 2026) (Lungstrum, J.) (ordering the petitioner's release on bond on terms previously set by the immigration court before that court's reconsideration of the issue). The Court therefore orders that petitioner be released, subject to the same terms set by the immigration judge on February 23, 2026.[2] Moreover, in order to effectuate this remedy, the Court orders that petitioner's release will not be affected by any stay that might otherwise apply in the event

---

[2] The Court denies petitioner's request for release on recognizance, pursuant to the terms of his release in 2023. According to the petition, an immigration judge has set appropriate terms for petitioner's release on bond, and the most appropriate relief in this Court is for those terms to be given effect. The Court also denies petitioner's request for an order enjoining petitioner's re-detention without notice and a hearing at which officials must demonstrate a change in circumstances, which request petitioner has not supported with any argument or analysis.

the Government seeks to appeal the immigration judge's bond determination on the merits. *See id.* at *3 (affording similar relief).[3]

Finally, the Court notes that petitioner has requested an award of attorney fees under the Equal Access to Justice Act. Any such request should be made by future motion, after consultation with Government counsel, in accordance with applicable rules.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted in part**. Respondents are ordered to release petitioner on bond, subject to the same terms previously set by an immigration judge, on or before **April 21, 2026**, and they are further ordered to provide notice to this Court when such relief has been given. The Court denies any request by petitioner for other relief.

IT IS SO ORDERED.

Dated this 14th day of April, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

---

[3] Respondents have not argued that the relief granted in *Castro* should not be granted in the present case as well.